J-S63031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEVE JONES, | : | |
| | : | |
| Appellant | : | No. 777 EDA 2015 |

Appeal from the PCRA Order entered on February 18, 2015
in the Court of Common Pleas of Delaware County,
Criminal Division, No. CP-23-CR-0001881-2002

BEFORE:  DONOHUE, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:　　　　　　**FILED NOVEMBER 13, 2015**

Steve Jones ("Jones") appeals from the Order dismissing his "Petition for *Habeas Corpus* Relief Under Article I, Section 14 of the Pennsylvania Constitution and for Post-Conviction Relief Under the Post Conviction Relief Act ["PCRA"[1]]."  We affirm.

Following a jury trial, Jones was found guilty of robbery and second degree murder in connection with the robbery and shooting of an ice cream truck driver in Chester on April 20, 2002.　Jones was sixteen years old at the time of the murder.　The trial court sentenced Jones to a mandatory term of life in prison.　On June 22, 2004, this Court affirmed the judgment of sentence.　**Commonwealth v. Jones**, 858 A.2d 1276 (Pa. Super. 2004) (unpublished memorandum).

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

Jones filed a PCRA petition on December 14, 2007. The PCRA court dismissed the petition as untimely filed, and this Court affirmed. *See Commonwealth v. Jones*, 998 A.2d 1005 (Pa. Super. 2010) (unpublished memorandum). On June 29, 2010, Jones filed another PCRA Petition. The PCRA court dismissed the Petition on August 3, 2010. This Court affirmed the dismissal. *See Commonwealth v. Jones*, 106 A.3d 159 (Pa. Super. 2014) (unpublished memorandum).

Jones filed the instant counseled Petition on October 14, 2014. The PCRA court treated the Petition as a PCRA Petition. After issuing a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed the Petition. Jones filed a timely Notice of Appeal.

On appeal, Jones raises the following questions for our review:

1. Does the failure to apply *Miller v. Alabama*[, 132 S. Ct. 2455 (2012),[2]] retroactively[,] to a juvenile offender sentenced to life in prison without the possibility of parole for a conviction of second[-]degree felony murder[,] violate [Jones's] rights under the U.S. Constitution or the Pennsylvania Constitution?

2. Does *habeas corpus* provide [Jones] with a mechanism for relief?

3. Did the [PCRA] court err in denying the [P]etition for [PCRA] relief without granting a hearing?

Brief for Appellant at 4 (footnote added).

---

[2] The *Miller* Court held that sentencing schemes mandating life-without-parole sentences for juveniles, who committed their crimes while under the age of eighteen, violated the Eighth Amendment prohibition on cruel and unusual punishment. *Miller*, 132 S. Ct. at 2460.

Preliminarily, the PCRA court properly treated Jones's Petition as a PCRA Petition. The PCRA subsumes the remedy of *habeas corpus* where the PCRA provides a remedy for the claim. ***See*** 42 Pa.C.S.A. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exists when this subchapter takes effect, including *habeas corpus*."); ***see also Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013) (stating that "a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*."). In his Petition, Jones challenges the legality of his sentence based upon the holding in ***Miller***. ***See Commonwealth v. Seskey***, 86 A.3d 237, 243 (Pa. Super. 2014) (stating that issues pertaining to ***Miller*** raise a legality of sentence challenge). Thus, we will review Jones's claims under the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(2).[3]

---

[3] Jones cites to former Chief Justice Castille's concurring opinion in ***Commonwealth v. Cunningham***, 81 A.3d 1 (Pa. 2013), wherein he stated that "there is at least some basis in law for an argument that the claim is cognizable via a petition under Pennsylvania's *habeas corpus* statute." Brief for Appellant at 28 (quoting ***Cunningham***, 81 A.3d at 18 (Castille, C.J., concurring)). However, Jones fails to demonstrate that this claim should be addressed under *habeas corpus* instead of the PCRA. ***See Seskey***, 86 A.3d at 244 (stating that the appellant did not address how his ***Miller*** claim "should be considered under the *habeas corpus* statute instead of under the PCRA[,] a concern that Chief Justice Castille did not resolve definitively[.]"); ***see also Commonwealth v. Thompson***, 985 A.2d 928, 937 (Pa. 2009) (stating that concurring opinions are not binding authority). Because the PCRA provides a remedy for legality of sentence challenges, Jones's claims are not cognizable under *habeas corpus*.

Our standard of review regarding a PCRA court's dismissal of a PCRA petition is whether the PCRA court's decision is supported by the evidence of record and is free of legal error. *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011).

Under the PCRA, any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date that the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 2093 (Pa. 2010).

Here, Jones's judgment of sentence became final in July 2004, upon the expiration of the thirty-day period for filing a petition for allowance of appeal with the Supreme Court of Pennsylvania. *See* 42 Pa.C.S.A. § 9545(b)(3). Thus, Jones's instant Petition, filed on October 14, 2014, is facially untimely under the PCRA.

However, we may address an untimely PCRA Petition where the appellant pleads and proves one of three exceptions. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any PCRA petition invoking one of these exceptions must

be filed within sixty days of the date the claim could have been presented. *Id.* § 9545(b)(2).

Jones invokes the newly recognized constitutional right exception and argues that the United States Supreme Court's decision in *Miller* rendered his sentence illegal. *See* Brief for Appellant at 9-41. Jones argues that *Miller* created a new substantive rule that should be applied retroactively. *See id*. at 9, 13-15, 19-26, 28, 29-41.

Initially, we note that this Court previously held that because Jones's judgment of sentence was final, *Miller* did not render his sentence illegal. *See Jones*, 106 A.3d 159 (unpublished memorandum at 4-5) (citing to our Supreme Court's decision in *Cunningham*, 81 A.3d at 10, which held that *Miller* does not apply retroactively to juveniles in Pennsylvania whose judgments of sentence were final at the time *Miller* was decided, and concluding that Jones does not properly invoke a timeliness exception).[4] Accordingly, Jones's *Miller* claim has been previously litigated. *See* 42 Pa.C.S.A. § 9544(a)(2). Nevertheless, we reiterate that we are bound by the *Cunningham* decision, and conclude that Jones fails to invoke the newly

---

[4] In his second PCRA Petition, Jones raised a legality of sentence claim under *Graham v. Florida*, 560 U.S. 48 (2010). This Court held the appeal until the Supreme Court had decided *Miller* and *Cunningham*. *See Jones*, 106 A.3d 159 (unpublished memorandum at 3).

recognized constitutional right exception.[5]  *See Seskey*, 86 A.3d at 243 (stating that this Court is confined by the *Cunningham* decision).[6]  Thus, we are constrained to conclude that the PCRA court properly dismissed Jones's Petition.[7]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2015

---

[5] Jones did not file the instant Petition within sixty days of the *Miller* decision, due the fact an appeal from the dismissal of his second PCRA Petition was pending before this Court.  Jones filed the instant Petition within 60 days of this Court's decision affirming the dismissal of Jones's second PCRA Petition.

[6] The United States Supreme Court granted *certiorari* and heard argument in *Montgomery v. Louisiana*, 135 S. Ct. 1546 (2015), to determine whether *Miller* applies retroactively.  However, until the Supreme Court issues its decision, *Cunningham* remains binding.  *See Commonwealth v. Cristina*, 114 A.3d 419, 424 n.1 (Pa. Super. 2015) (Mundy, J., concurring).

[7] Jones's claim that the PCRA court erred in dismissing his PCRA Petition, without holding an evidentiary hearing, is without merit.  "[T]he right to an evidentiary hearing on a PCRA petition is not absolute, and the PCRA court may decline to hold a hearing if the petitioner's claims are patently frivolous with no support in either the record or other evidence."  *Commonwealth v. Garcia*, 23 A.3d 1059, 1066 n.9 (Pa. Super. 2011).  Because Jones filed an untimely PCRA Petition and did not plead and prove an exception to the timeliness requirement, we conclude that the PCRA court did not abuse its discretion in declining to hold an evidentiary hearing.  *See id.*